IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHEN, | No. C 11-4255 JSW (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| BOBBY PHILLIPS, | |
| Respondent. | |

Petitioner, a pro se prisoner confined in a state prison in Mississippi pursuant to a California conviction and sentence, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The claims in the petition do not challenge petitioner's conviction or sentence, but rather the conditions of his confinement.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Petitioner's claims involve the conditions of his confinement and not the fact or duration of his confinement. As such, they are not the proper subject of a habeas action. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition

1 on basis that challenges to terms and conditions of confinement must be brought in civil
2 rights complaint).

3 In an appropriate case a habeas petition may be construed as a Section 1983
4 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court *may*
5 construe a habeas petition as a civil rights action, it is not *required* to do so. Since the
6 time when the *Wilwording* case was decided there have been significant changes in the
7 law. For instance, the filing fee for a habeas petition is five dollars, and if leave to
8 proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however,
9 the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is
10 required to pay it, even if granted in forma pauperis status, by way of deductions from
11 income to the prisoner's trust account. *See* 28 U.S.C. 1915(b)(1). A prisoner who might
12 be willing to file a habeas petition for which he or she would not have to pay a filing fee
13 might feel otherwise about a civil rights complaint for which the $350 fee would be
14 deducted from income to his or her prisoner account. Also, a civil rights complaint
15 which is dismissed as malicious, frivolous, or for failure to state a claim would count as a
16 "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

17 In view of these potential pitfalls for Petitioner if the petition were construed as a
18 civil rights complaint, the case is DISMISSED without prejudice to Petitioner filing a
19 civil rights action if he wishes to do so in light of the above. Furthermore, Petitioner has
20 failed to make a substantial showing that his claims amounted to a denial of his
21 constitutional rights and that a reasonable jurist would find this Court's denial of his
22 claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently,
23 no certificate of appealability is warranted in this case.

24 The Clerk shall enter judgment in favor of respondent and close the file.
25 IT IS SO ORDERED.

27 DATED: September 26, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL CHEN,

    Plaintiff,

v.

BOBBY PHILLIPS et al,

    Defendant.

Case Number: CV11-04255 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 26, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Chen
P40268
TCCF
415 U.S. Highway 49 North
Tutwiler, MS 38963

Dated: September 26, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk